## MOYER v. ÆTNA LIFE INS. CO.
### No. 7804.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 17, 1941.

Decided Feb. 13, 1942.

Walter L. Hill and Edward W. Warren, both of Scranton, Pa. (O'Malley, Hill, Harris & Harris, of Scranton, Pa., on the brief), for appellant.

Alvin W. Carpenter, of Sunbury, Pa. (J. P. Carpenter, of Sunbury, Pa., on the brief), for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff brought suit upon two policies of life insurance issued by the defendant upon the life of Charles Moyer, the plaintiff's husband. Each of the policies provides for benefits including waiver of premiums in the event of total and permanent disability. Premiums were paid to August and October, 1929, respectively, but none thereafter. The insured died August 16, 1931. Suit was originally instituted for the face amount of the policies as death benefits. The defense was that the policies had lapsed because of failure of payment of premium. The plaintiff amended to include claims for disability income. from September, 1927, and waiver of unpaid premiums. The defendant denied that the insured was disabled and that evidence of disability was received by it and contended that the amendments were improperly allowed because the statute of limitations had run.

The suit has been twice tried in the court below. At the first trial the jury returned a verdict for the plaintiff for $2,691.00. The district court denied the defendant's motion for judgment n.o.v. and the defendant appealed. Upon that appeal this court decided that the district court properly denied the defendant's motion for judgment n.o.v. Aetna Life Insurance Co. v. Moyer, 3 Cir., 113 F.2d 974. We held that there was sufficient evidence submitted to the jury to support its findings that the insured was totally and permanently disabled as those terms are used in the policies and that proper notice thereof was given to the defendant. We also held that the amendments were properly allowed. The plaintiff, being dissatisfied with the amount of the verdict, had moved for a new trial and this motion had been granted by the district court.

On the second trial the plaintiff again obtained a verdict, this time for $35,-675.03. The district court refused the defendant's motion for judgment n.o.v. and for a new trial. From the judgment entered on the verdict, the defendant has taken the appeal now before us. It argues that judgment should have been entered for the defendant because it was not shown

by the testimony that the defendant received requisite evidence that the insured was permanently and totally disabled within the meaning of the policies, because the evidence showed that there was a subsequent determination that the insured's disability was not permanent, and because the claims for disability and waiver of premium benefits were barred by the statute of limitations. These contentions need not be discussed again. The law of the case with respect to them was settled by this court upon the first appeal. We accordingly pass to the consideration of the points upon which the defendant relies for a new trial and which deal with alleged errors of the trial judge in his rulings upon evidence and in his charge to the jury.

■ 1. The insured was in the Geisinger Memorial Hospital at Danville as a patient between December 7th and December 19, 1928. Dr. C. E. Ervin, who was chief of the medical department of that hospital, was in charge of the insured's case. Both parties subpoenaed Dr. Ervin. Upon his direct examination by the plaintiff he testified as to the entries which he made in the insured's hospital records, which entries consisted of a list of diseases from which the insured suffered at the time. The defendant cross-examined as to the extent, prescribed treatment and prognosis of each of those diseases. The defendant then sought to elicit from the witness his opinion as to the then ability of the insured to perform the usual duties of a proprietor of a restaurant. The trial judge refused to permit this line of cross-examination. In this we find no prejudicial error.

■ Subject to enlargement within the discretion of the trial judge in special cases[1] the rule in the Federal courts is that "a party has no right to cross-examine any witness except as to facts and circumstances connected with the matters stated in his direct examination. If he wishes to examine him as to other matters, he must do so by making the witness his own, and calling him as such, in the subsequent progress of the cause." Story, J. in Philadelphia & Trenton Railroad Co. v. Stimpson, 14 Pet. 448, 39 U.S. 448, 460, 10 L.Ed. 535. This limitation upon the scope of cross-examination was first enunciated by Chief Justice Gibson in Ellmaker v. Buckley, 1827, 16 Serg. & R., Pa., 72. Although the rule has been the subject of vigorous attack as being unsound in reason and without justification in history[2] and has been to some extent modified in Pennsylvania, the state of its origin,[3] it continues to be the rule in the Federal courts.

■ This seems clear from the history of the formulation of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. In the preliminary draft of the rules published in April, 1937 by the Advisory Committee appointed by the Supreme Court proposed Rule 44(b) provided, inter alia, "When a party calls a witness and examines him as to some of the issues, an opposing party may cross-examine the witness upon all the material and pertinent issues of the action; but if the witness is an adverse party the cross-examination shall be limited to the subject matter of his examination in chief. * * *" In the final report of the Advisory Committee made in November, 1937, proposed Rule 44 included the provision that "Except as stated in the last preceding sentence, any witness called by a party and examined as to any matter material to any issue may be cross-examined by the adverse party upon all matters material to every issue of the action." The Supreme Court, however, rejected these proposals. The only reference to the subject in the rules as adopted is in Rule 43(b) which provides that an adverse party or officer, director or managing agent of an adverse corporate party called by the other party "may be cross-examined by the adverse party only upon the subject matter of his examination in chief." By its failure to promulgate the rule proposed by the Advisory Committee the Supreme Court indicated that the historic limitation upon the scope of cross-examination to the subject matter of the direct examination is still to be enforced in the federal courts.[4] It follows that the trial judge did not abuse his discretion in limiting the cross-examination of Dr. Ervin.

■ Nor does it appear that the facts in this case were such as might have moved the trial judge to exercise his discretionary power to relax the rule. The witness was

[1] Wills v. Russell, 100 U.S. 621, 25 L. Ed. 607.

[2] Wigmore on Evidence (Third Edition) §§ 1885–1890.

[3] Conley v. Mervis, 1936, 324 Pa. 577, 188 A. 350, 108 A.L.R. 160.

[4] Moore's Federal Practice, pp. 3075, 3076, § 4303. Wigmore on Evidence (Third Edition) p. 544, § 1888.

in court under subpoena by the defendant. He was by no means hostile to the defendant. By agreement of the parties and with the consent of the trial judge he was called as witness for the defendant out of turn, while plaintiff's case was still in progress. His opinion testimony as a medical expert on behalf of the defendant followed without any interlude of time his testimony as to the medical history of the insured. The defendant as a practical matter lost none of the legitimate value of the expert opinion of the witness as an aid to the jury in interpreting the facts to which the witness had previously testified.

2. Harry Bichner, a witness for the plaintiff, testified that he was agent for the defendant, that he received instructions from the defendant to service the two policies, that as a result he called upon the insured and found him to be mentally incapable of understanding anything said to him and physically ill. Over objection by the defendant Bichner was permitted to testify that he thereafter made an investigation in the community which confirmed his own observation as to the insured's condition. Since the question of notice to the defendant of the insured's disability was a vital element in the plaintiff's case we think it was quite proper to show that the defendant through its agent had taken the opportunity not only by personal observation but also by an investigation in the community to become informed of the extent of the insured's disability and that both observation and investigation had brought notice of the insured's disability home to the defendant through its agent.

3. The defendant assigned as error the trial judge's admission of the opinion of a medical expert that upon the facts stated in a hypothetical question posed by the plaintiff the insured had cirrhosis of the liver from September, 1927, to the date of his death. The defendant contends that the question was confused, that it included facts not sustained by the evidence and omitted facts which were in evidence. The length and form of a hypothetical question must of necessity be left to the control of the trial judge. Wigmore on Evidence (Third Edition) § 685. As to the contention that some of the facts assumed in the question posed by the plaintiff had not been proved and other facts proved had not been included we can do no better than give Justice Clark's answer to a similar contention made in First Nat. Bank v. Wirebach's Ex'r, 106 Pa. 37, 44. "The form of the interrogatory was such as disclosed clearly what specific facts were assumed, and upon which, the opinion of the expert was given; that opinion, therefore, could have no weight with the jurors in their deliberations, unless they found the facts assumed in the hypothesis, to have been established by the proofs. Each side had the right to an opinion from the witness, upon any hypothesis reasonably consistent with the evidence; and, whether the facts were fairly and fully stated in this instance, for the opinion of the witness, was a question for discussion to the jury. The opinion of an expert can be of no value, when the facts of which the opinion is predicated, are not established; whether they are so established is for the subsequent consideration of the jury."

4. The plaintiff testified upon direct examination that her husband was in prison from December 14, 1927, to May 18, 1928, for selling near beer. The defendant offered in evidence the files of the court below in the case of United States v. Charles Moyer, No. 4963, December Term, 1927,[5] to prove that the insured was sentenced for a violation of the National Prohibition Act, 27 U.S.C.A. § 1 et seq. The trial judge was of the opinion that the record did not contradict the plaintiff and if it did that the contradiction was as to an immaterial point and, therefore, refused to admit it in evidence. In this the trial judge exercised proper discretion. The possible importance of showing that the plaintiff's testimony was not accurate is more than offset by the inevitable confusion of the issue before the jury which would result from the introduction of the wholly collateral question as to the exact nature of the offense for which the insured was imprisoned. Nor can we see that any benefit was to be derived from having the jury peruse the record of that case in order to enable it to speculate as to whether a man as sick as the plaintiff described her deceased husband to have been would have engaged in an illegal enterprise. How far afield the defendant would have had the jury go in the use of this record is indicated by its argument to this court that a judge would not have confined a sick man to jail.

---

[5] No opinion filed.

5. The trial judge [39 F.Supp. 725], in instructing the jury as to the meaning of the terms "permanent and total disability" used the definitions of those terms which were given by this court in our opinion upon the former appeal. We adhere to our previous view that these definitions were proper.

6. The defendant contends that the trial judge erred in refusing to submit to the jury special questions as requested by the defendant. The trial judge deemed the proposed questions confusing and unnecessary because the subject matter had already been covered in his charge to the jury. Civil Procedure Rule 49 places the matter of submitting interrogatories to the jury entirely within the discretion of the trial judge. It is clear that there was no abuse of discretion here.

7. The effect of Bichner's knowledge of the insured's disability as notice to the defendant was properly presented to the jury. There was no need further to elaborate upon the distinction between the agent's authority and his duty, as requested by the defendant in its point for charge.

8. The testimony given by the plaintiff at the trial was in some respects at variance with the statements in the written proof of death which she submitted to the defendant. So far as the record discloses, the defendant was given unlimited opportunity to cross-examine the plaintiff as to the contradictory statements and to stress the significance of this fact to the jury. The trial judge in his charge instructed the jury generally as to the weight to be given the testimony and evidence in the case. The defendant urges that he should have done more—that he should have called to the attention of the jury the discrepancy between the plaintiff's written statement and her testimony in chief and have cautioned them upon her credibility. It relies upon Danko v. Pittsburg Railways Co., 1911, 230 Pa. 295, 79 A. 511 as authority for its contention that the trial judge is under the absolute compulsion so to caution the jury and that his failure to do so will amount to reversible error. That case is authority for no such principle. It held that the trial judge by entering judgment n.o.v. for the defendant because the testimony of the key witness for the plaintiff at the trial was in contradiction to a prior written statement by him had committed error and that he would

have adequately performed his duty by cautioning the jury. The jury in the present case was amply cautioned as to the necessity for reconciling the plaintiff's testimony with her written statement.

We conclude that there were no prejudicial errors in the conduct of the trial and that the defendant is not entitled to a new trial on that ground.

The judgment of the district court is affirmed.