## UNITED STATES v. LIBBEY–OWENS–FORD GLASS CO. et al.
### Civ. No. 5239.

United States District Court,
N. D. Ohio, W. D.
Feb. 3, 1950.

Charles F. Babbs, Toledo, Ohio, and Frank A. Harrington, Toledo, Ohio, for Fourco Glass Company.

Shake & Shake, Vincennes, Ind., and Milo J. Warner and William C. Moore, Toledo, Ohio, for Movant Blackford Window Glass Company.

KLOEB, District Judge.

This matter is before the Court on the motion of Blackford Window Glass Company for pre-trial order, under Rule 16 of the Federal Rules of Civil Procedure, finding and determining that:

"1. The fair and equitable price to be paid for the 1250 Shares of Fourco Glass Company stock held by Blackford Window Glass Company under the provisions of Section XXVIII of the Final Judgment in this cause entered on November 8, 1948 shall be based solely upon the value of Fourco Glass Company and its assets, including its 100 per cent stock ownership of Harding Glass Company, as a going concern and not upon the liquidation value of Fourco Glass Company or its said assets.

"2. For the purpose of fixing said price or valuing said assets no evidence shall be received tending to prove:

"a. That the majority stockholders of Fourco Glass Company contemplate or propose action to dissolve the corporation.

"b. The cost, expense or effect of liquidation of Fourco Glass Company or Harding Glass Company.

"If such evidence be offered or received for some other purpose the same shall be disregarded and accorded no weight in determining the price to be paid for such shares."

Among other grounds, objection is made to the motion on the ground that it does not properly come under Rule 16, F.R.C.P. However, it seems to us that, if the Court deemed it expedient, there is authority under Rule 16 (6) for the making of such an order.

Section XXVIII of the final judgment, entered herein on October 30, 1948, orders the termination, effective December 31, 1949, of the then existing sales agency agreement between Fourco and Blackford, and provides that "upon the termination of the sales agency relationship between them, defendant Fourco shall be obligated to purchase from Blackford and Blackford shall be obligated to sell to Fourco the shares of Fourco stock now held by Blackford at a *fair and equitable price.*"

The order then requires Fourco to file a plan stating the price it proposes to pay for Blackford's stock in Fourco and for the acceptance of such plan or the making of a counter proposal by Blackford. It further provides: " * * * The Court thereafter, after due opportunity for hearing to all interested parties, will determine the value of such stock and make such other orders as are necessary or proper. The value placed by Fourco on its stock owned by Blackford shall be calculated as of the first day of the month immediately preceding the filing of such plan with the Court by Fourco, and Blackford and the Court shall likewise use the same date as that used by Fourco. * * * The value fixed for such stock shall take into consideration Fourco's trade name 'Clearlite' * * *".

The date for the determination of the value of the stock is March 1, 1949.

The Court does not deem it advisable to decide in advance of the hearing questions which may arise upon the admission or rejection of evidence as to the value of the stock in question on March 1, 1949, and for that reason we are of the opinion that the motion for pre trial order to limit the evidence upon the hearing should be overruled at this time. However, we deem it proper to state for the information of counsel that we do not believe that forced sale or liquidation value was the intended meaning of "fair and equitable value" in the order. If that were intended, the order would have so provided. Neither do we believe that the replacement value should be read into the meaning of "fair and equitable". Perhaps testimony of witnesses as to replacement value and of liquidation value may be proper to be considered in connection with other evidence or as the upper and lower limits of value. A physical plant such as Harding can hardly be worth more than it would cost to replace it, neither can it be said to be worth less than its liquidation value.

The test of a hypothetical willing buyer and willing seller, both having knowledge of the facts, would hardly seem to fit the situation here, because under the order the sale and purchase are made compulsory. The rule based upon capitalization of earnings adopted in some cases would hardly seem to be applicable here without taking into consideration the probable effect upon the earnings of Fourco of the cancellation of the Blackford contract and of the competition of Blackford. It would seem that the "going concern" value of Fourco and Harding on March 1, 1949, as affected by the necessary and probable effects of the steps which have been taken in this case in relation to the subject, is proper to be considered.

The plan as proposed by Fourco offered the sum of $385,938.79, with interest, upon deferred payments, and the counter proposal of Blackford offered its stock for the amount of $1,123,153.66 cash, a difference of $738,214.87. This difference is so great that it would seem the real or intrinsic value must be somewhere between. It appears to us that counsel and the parties in this case could well afford to again evaluate the factors which, under the law and the terms of the order, fairly enter into the matter of valuation and attempt to arrive

**348**

at a value which, taking all of such factors into consideration, would be just and fair to both sides. After an honest effort has been made along this line, if counsel and the parties are unable to compose their differences, it is suggested that counsel make an appointment with the Court for a conference at which to consider the matter of the appointment of a Master or Auditor to hear and report to the Court upon the issues presented upon the motion before the Court.

■ We may also take this opportunity to inform counsel that preparations should not be made for the introduction at the hearing of any cumulative evidence on value and that it seems to the Court that, in the absence of compelling reason otherwise, the testimony should be limited to one witness on each side on each major classification of the property involved in the valuation for the purpose of fixing the fair and equitable price of the Blackford stock.