**UNITED STATES v. E. I. DU PONT DE NEMOURS & CO.**

Civ. A. No. 1216.

United States District Court
D. Delaware.

Feb. 6 and 8, 1951.

See also 10 F.R.D. 618.

William Marvel, U. S. Atty., Wilmington, Del., James L. Minicus, Julius C. Renninger, Washington, D. C., Joseph F. Tubridy, Philip L. Roache, Jr., William J. McAuliffe, Jr., and Forrest A. Ford, all of Washington, D. C., for the United States.

Hugh M. Morris and Alexander L. Nichols, of Morris, Steel, Nichols & Arsht, Wilmington, Del., Gerhard A. Gesell, James H. McGlothlin, David C. Acheson, Harvey Levin and George J. Kuehnl, of Covington & Burling, Washington, D. C., and Franck J. Zugehoer, Philadelphia, Pa., for defendant.

LEAHY, Chief Judge.

2nd Trial Memorandum

In the course of the trial several occasions have arisen where the Government objected and attempted to foreclose defendant from commenting on portions of writings offered in evidence by the Government. The Government contends defendant has no right either to read into the record portions of these documents or to attempt to interpret orally by comment the matters therein contained. Defendant contends it has the right to make such comment as it sees fit, especially where the matters contained in the writings appear to be adverse to the Government's contentions. When the question first arose, I overruled the Government's objections and stated I would continue to so rule pending the filing of memoranda authorities by counsel.

1. The Government states Fed.Rules Civ.Proc., rule 26(d) (4), 28 U.S.C.A., provides that in the case where a deposition is offered, an adverse party may require the

introduction of all, not a part, of the document, but the adverse party can only insist that *all* means all that is relevant to the part introduced; and that F.R. 43(b) follows the same procedural pattern with its provision that a live witness may be cross-examined by the adverse party only upon the subject matter of his examination-in-chief.[1] So far, our trial has only been concerned with documentary evidence, which, it is true, constitutes testimonial evidence, but, the Government argues, evidentiary rules concerning exclusion of oral testimony are applicable because the nature of many of the documents which have been and will be offered by the Government render them analogous to hostile witnesses; and, as these writings have been obtained from the files of defendant, on the Government's theory, they constitute admissions. Since the writings contain self-serving declarations, the Government contends they represent testimony hostile to its proof.

The Government claims no absolute exclusion of the documentary evidence which it introduces upon which it does not rely, but concedes that any portion of the documents which defendant wishes to utilize may be introduced by defendant in the course of its own defense. The Government's objection, then, is directed solely to engrafting upon its case-in-chief what it denominates as self-serving declarations which are utterly unrelated to the subject matter for which the particular Government's exhibit is introduced. In short, the Government argues the proponent of a document offered at trial is not under compulsion to rely upon every statement contained therein,[2] particularly when the writ-

1. The most recent discussion is found in Bell v. United States, 4 Cir., 185 F.2d 302, 303, 310-311: "Questions of this kind must necessarily be left largely to the wise discretion of the trial judge especially in a case involving many factual details, that may be easily confused or obscured in the minds of the jury. Of course it is the duty of the judge in a criminal case to allow full and free examination of the government's witnesses in order that all relevant facts may be disclosed; but in the federal courts for over a hundred years the rule has been that the scope of cross examination is limited to subject matter referred to during the examination in chief; and if a party wishes to examine a witness regarding other matters, he must do so by making the witness his own and calling him as such in the subsequent progress of the trial. Philadelphia & Trenton R. R. Co. v. Stimpson, 14 Pet. 448, 461, 39 U. S. 448, 461, 10 L.Ed. 535; Moyer v. Aetna Life Ins. Co., 3 Cir., 126 F.2d 141, 143; Kincade v. Mikles, 8 Cir., 144 F.2d 784, 787; Wigmore on Evidence, (3d Ed.), §§ 1885-1888. See Hider v. Gelbach, 4 Cir., 135 F.2d 693, 695. This rule has been the subject of some attack; and an attempt was made by Advisory Committee when formulating the Rules of Civil Procedure in 1936 and 1937 to change the rule to allow cross examination upon all the material and pertinent issues of the action. The Supreme Court in rejecting these proposals and in adopting Rule 43(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Rule 43(b), as it now stands, indicate that 'the historic limitation upon the scope of cross examination to the subject matter of the direct examination is still to be enforced in the federal courts.' Moyer v. Aetna Life Ins. Co., 3 Cir., 126 F.2d 141, 143; Wigmore on Evidence (3rd Ed.) § 1888. Nothing to the contrary appears in the Federal Rules of Criminal Procedure."

2. In United States v. Monjar,* D.C.Del., August 12, 1946, I had this to say: "It is established, in this Circuit, at least, that the government has a duty to present evidence which makes for the defense. In exchange for this duty the government is benefited by the rule that it is not bound by the testimony of its own witnesses. In other words, the jury may reject all of the government witnesses' testimony which is favorable to the defendant and accept only that which is to the defendant's detriment. This was precisely the situation in United States v. Reginelli, 3 Cir., 133 F.2d 595, and United States v. Palese, 3 Cir., 133 F.2d 600, 603."

For the duty of the Government to bring forth facts both for and against defendant, see the statement of Judge Maris in United States v. Palese, supra: "In such a case the Government does not necessarily give credence to a witness merely by introducing him, for it is the duty of the [Government] in a criminal trial to produce and use all witnesses within reach of process, of whatever

* No opinion for publication.

ing is of the nature of those found in the case at bar.

Wigmore[3] suggests the decision as to whether the whole of a document must be considered when it is put into evidence is one of no real consequence and the application of the rule becomes a mere quibble or skirmish for a tactical position. He refers to the lack of harmony and definiteness in the decisions on the question. Procedural protocol should never, I think, be utilized to prevent a judge from probing into all facts. All facts do not mean all master facts, persuasive or controlling facts which swing a decision; but I am of the belief it is helpful to me, at least, to become familiar with all facts which have any bearing whatsoever on the legal problem called for solution.

2. In the case at bar the documents in question have been offered in their entirety by the Government and they have been so received in evidence. But now that the question for decision has been posed, the dominant motif stressed by the Government is relevancy. Defendant has crossed swords on this proposition by stating that the lack of price collusion, for example, with Sylvania and the motivation of defendant's price policy are relevant to the issues raised by Paragraphs 22, 23, 35 and 42 of the Complaint and, for further particularization, defendant points to the documents tending to show the absence of market domination which, it claims, are relevant to issues raised by Paragraphs 11, 22, 30 and 44. In this connection, it is defendant's position it facilitates consideration of the evidence and avoids unnecessary repetition to develop the pertinence of any particular document to all phases of the case at the time the document is received in evidence;[4] and, moreover, full comment by both parties should be had during the course of the trial and at the time a document is first offered because this, in the instant case, was clearly within the contemplation of the parties during pretrial considerations.[5] In support of its argument, defendant contends the trial judge has discretion to permit discussion of a document or a series of documents at the time they are offered with respect to any issue to which the document is said to be relevant, as much unnecessary cross-referencing and back-tracking will be avoided if the Court continues to permit discussion of documents in evidence with respect to all issues in the case to which each party thinks they are relevant. Defendant contends at the close of the Government's case, defendant in support of its motion to dismiss should be entitled to refer to any evidence which has been submitted and the Court's understanding and grasp of the evidence with relation to all documentary proof as it comes in will be furthered by full discussion of the documents or series of documents as they are offered; and that this procedure, rather than the postponement of reference to all documentary evidence by defendant until all plaintiff's evidence is in the record, is preferable. Both the Government[6] and defendant[7] have in trial memoranda referred to various authorities, which I have respectfully read and considered. I conclude these do not control the question that has been put in this case.

character, whose testimony will shed light on the transaction, whether it makes for or against the accused."

3. On Evidence, § 2102.

4. Wigmore, Ibid., § 2094.

5. Pretrial Order of October 11, 1949: "In connection with the submission of any documentary evidence, both parties shall be afforded the opportunity to discuss orally with the Court the contents of such documents, indicating the portion relied upon and presenting views as to the significance and interpretation of the documentary proof thus adduced."

6. Tappan v. Beardsley, 10 Wall. 427, 435, 77 U.S. 427, 435, 19 L.Ed. 974; Southern Pacific Co. v. Stephany, 9 Cir., 255 F. 679.

7. Davis v. Coblens, 174 U.S. 719, 727, 19 S.Ct. 832. 43 L.Ed. 1147; Wills v. Russell, 100 U.S. 621, 25 L.Ed. 607; United States v. Minuse, 2 Cir., 142 F.2d 388, 389; Hyland v. Millers National Insurance Co., D.C., 58 F.2d 1003, 1010, affirmed 9 Cir., 91 F.2d 735, certiorari denied 303 U.S. 645, 58 S.Ct. 644, 82 L. Ed. 1107; Wigmore, Ibid, §§ 1872, 1884–9.

3. Nisi prius judges as well as the trial lawyers in antitrust cases have recently suggested that the trial of such causes do not always fall into orthodox procedural patterns, due to the economic complexity and the nature of the proof which must be adduced and considered.[8] The question, I think is really how you as trial judge want to handle the particular case—the balance of (1) becoming bogged in a confusion of the issues of a plaintiff's case by allowing everything in the entire document, after it is introduced, to be discussed even though the part defendant wants to consider is not germane to the portion of the document for which the Government, say, is using it; or (2) the problem of determining the question of relevancy on each portion of the evidence where the Government urges only a particular portion for a certain point.

I think defendant here should have the right to the procedural conduct it has so far taken because I, as trier of the facts, can sift the entirety of any document and pick out the part upon which the Government relies, disregarding irrelevant portions. There is no problem in this case of having either party damaged from the fact that a jury might put undue emphasis upon certain evidence which has been presented and which may or may not be of advantage to defendant. A trial judge should be a skillful fact-finder and never pause in his work for fear of an erroneous ruling on the allowance of discussion of admitted evidence because he well knows that if error has been committed he, himself, may cure such error by either striking out or totally disregarding inadmissible evidence in the deliberation of his case.[9]

4. My conclusion is at the time a piece of documentary proof is received in evidence, the Court, in the exercise of a sound judicial discretion, can and should permit both parties then to comment fully on any portion of the writing which each party thinks relevant to the issues which it contends are before the Court.[10]

February 8, 1951.

## 2(a)nd Trial Memorandum

Under the II section of the Government's case—Defendant's Foreign Relations—defendant duPont has objected to 43 exhibits which have been introduced in evidence and has moved to strike these exhibits on the ground, in general, that there must first be a showing of a combination or conspiracy and until this is proven the Court should be alert to exclude hearsay. DuPont argues, in short, that in the absence of independent proof the statements contained in the challenged exhibits cannot be used. A particularization of defendant's argument in support of its motion and the argument of the Government that a conspiracy has already, in law and in fact, been proven, are recorded in the Transcript.

In disposing of the present motion to strike, I have relied, in part, on Judge Wyzanski's decision in United States v. United Shoe Machinery Corp., D.C.Mass., 89 F.Supp. 349. The legal questions involved have recently been discussed in 64 Har.L.R. p. 340 (Dec. 1950).

In ruling on the motion to strike I am merely determining, at this time, the relevancy and admissibility of the documentary proofs. I am not passing on the weight to be given to any particular document, nor do I wish this particular ruling to be interpreted as an indication of either total or lack of proof of one of the main issues. Additional arguments should be aimed at the merits of the charge and will undoubtedly arise later.

For my present purposes, then, I am making the following decision on defend-

---

8. McAllister, "The Big Case; Procedural Problems in Antitrust Litigation", 64 Harv.L.Rev. 27; Whitney, "The Trial of an Antitrust Case", The Record (Association of the Bar of the City of New York), Vol. 5, p. 449; Handler, "Anti-Trust—New Frontiers and New Perplex-

ities", The Record, Ibid., Vol. 6, pp. 59, 80-1-2.

9. Wigmore, Ibid., § 19; Oates v. United States, 4 Cir., 233 F. 201, 204-205.

10. A 3rd Trial Memorandum of Decision on the scope of the issues as argued by counsel on February 2 will, it is expected, be forthcoming shortly.

**136**

ant duPont's motion to strike. The decision is [6 granted; 37 denied; enumeration omitted].

Defendant duPont has withdrawn its motion as to Gx. 1016.