## UNITED STATES v. E. I. DU PONT DE NEMOURS & CO.

### Civ. A. No. 1216.

United States District Court
D. Delaware.

March 15, 1951.

William Marvel, U. S. Atty., of Wilmington, Del., James L. Minicus, Julius C. Renninger, Joseph F. Tubridy, Philip L. Roache, Jr., William J. McAuliffe, Jr. and Forrest A. Ford, Washington, D. C., for the United States of America.

Hugh M. Morris and Alexander L. Nichols (of Morris, Steel, Nichols & Arsht), Wilmington, Del., Gerhard A. Gesell, James H. McGlothlin, David C. Acheson, Harvey Levin and George J. Kuehnl (of Covington and Burling), of Washington, D. C., and Francis J. Zugehoer, of Philadelphia, Pa., for defendant.

LEAHY, Chief Judge.

### 3rd Trial Memorandum

During trial the question was presented whether evidence of facts arising since the filing of the complaint on December 13, 1947, should be introduced or discussed. Defendant takes the position that where § 4 of the Act, 15 U.S.C.A. § 4, is in issue post-complaint evidence is admissible, and the decision on the merits should consider such evidence as of the time of judgment, i. e., this may be the time when the evidence is closed. Such procedure, it is said, has been established in five leading antitrust cases where post-complaint evidence had been admitted on the merits, on the basis that the date of judgment was the pertinent one for determining whether defendant had violated the antitrust laws.[1] Such admission of post-complaint evidence in antitrust proceedings, defendant points out, simply follows principles of the law of equity.[2]

1. For a better understanding of this memorandum, note that the question arises on the presentation of the Government's case in chief. Moreover, it is necessary to distinguish between subsequent statements (post December 1947) which relate back to events occurring *before* the filing of the complaint, and acts and events (or interpretive statements in explanation) which came into existence *after* the filing of the complaint; the former, if not subject to other infirmity, are admissible during the trial at this time. In addition, the Government says it is not its position that acts and events, occurring after the filing of the complaint, are foreclosed from consideration, say, in drafting a final decree. Suspending, for the moment, the question whether post-complaint evidence is admis-

1. U. S. v. Aluminum Co. of America, 2 Cir., 148 F.2d 416, 432, 445; U. S. v. Corn Products Refining Co., D.C.S.D.N.Y., 234 F. 967; U. S. v. United States Steel Corp., 251 U.S. 417, 40 S.Ct. 293, 64 L. Ed. 343; Standard Oil Co. of Indiana v. U. S., 283 U.S. 163, 51 S.Ct. 421, 75 L. Ed. 926; U. S. v. National Lead Co., 332 U.S. 319, 67 S.Ct. 1634, 91 L.Ed. 2077.

2. Randel v. Brown, 2 How. 406, 43 U.S. 406, 421, 11 L.Ed. 318; Brooks Bros. v. Brooks Clothing of California, D.C.S.D. Cal., 60 F.Supp. 442, 456; 19 Am.Jur., Equity § 411.

sible on the merits of the case, I am clear that, at this stage of the trial, such evidence is not admissible in connection with the presentation of the Government's case in chief. Hence, if any of the documentary proofs, which the Government has already offered or will offer in the future, contain post-complaint evidence or statements explanatory thereof, no comment or argument is to be permitted with respect to such evidence by defendant.

█ The issues pertaining to any action should be crystallized by the pleadings and by pretrial procedures. This seems specially apt to the trial of an antitrust suit involving complex facets of an industry under scrutiny. Thus, subsequently originated evidence is usually not probative of the basic facts alleged in the complaint. Such post litem motam facts go, at most, to remedy—perhaps, in some instances, to explanation of the basic facts by way of affirmative defense. But, clearly in the trial at bar any use made of such facts in connection with the Government's case in chief is premature.

█ 2. The charge of monopolization, here, has a frame of reference from 1923 to December 1947, when the complaint was filed. Paragraphs 21 of the complaint and answer would seem to fix the ultimate probandum. Within this circumscription, the Government has the burden of proving a prima facie case of violation of § 2 of the Act. This is the alleged violation within the issue joined, and this would seem to be the confines of both parties, irrespective of the validity of any affirmative defense which I sedulously refrain from passing on, for the palpable reason I know not what texture such a defense may have when such proffer is made. The Chancellors recognized early that post litem motam evidence can possess functional importance, but such function relates to questions bearing on the remedy to be afforded by equity. Hence, facts and interpretive statements, occurring after December 1947, are not material at this time to the proof of the issue whether from 1923 to 1947 defendant dominated an unlawful monopoly in the manufacture and sale of cellophane and caps and bands.

This view was latent at the pretrial conference. The Supplemental Pretrial Order, dated October 11, 1949, discloses there would be a separate hearing on relief, in the event of a judgment in favor of the Government.[3] In fact, at pretrial, both parties proposed orders which contained a provision for a separate hearing on relief. The Government argues that at pretrial the designation—upon agreement of parties and order of the Court—for the purpose of proof and arguments on relief became the law of the case, i. e., in the matter at bar there would be a bipartite proceeding, 1. proof would be addressed to the alleged violation of § 2 and, in the event of a decision for plaintiff on that issue, 2. a subsequent hearing or trial would be had of matters pertinent to the remedy.[4]

██ 3. The Government argues fully the case law in antitrust suits where the question of admissibility of acts and events or interpretive statements, occurring subsequent to the complaint, has arisen. The Government contends the cases [5] hold that evidence of facts originating post-complaint is incompetent to prove the issue of violation, as alleged in the complaint; and if such evidence is admitted, during the trial, it should be restricted to matters bearing on relief. Likewise, the Government refutes the alleged teachings of the five cases

3. Paragraph 12 of the Order reads: "12. Following the trial, in the event of a judgment in favor of the plaintiff, either party, for good cause shown, shall be given an opportunity to present evidence bearing on the appropriate form of relief after plaintiff has submitted its proposed decree."

4. The separation and trial of distinct issues is recognized by the Federal Rules of Civil Procedure, 28 U.S.C.A., as a rational means of expediting a trial into two parts; for example, in a particular cause, where one phase of the case might never be presented for resolution.

5. Lawlor v. Loewe, 2 Cir., 187 F. 522; U. S. v. Griffith Amusement Co., D.C. W.D. Okl., 94 F.Supp. 747; U. S. v. National Lead Co., D.C., 63 F.Supp. 513, 527; U. S. v. Libbey-Owens-Ford Glass Co., D.C., 10 F.R.D. 346; U. S. v. Besser Mfg. Co., D.C.Mich., 96 F.Supp. 304.

relied on by defendant [6] by pointing out there is no showing that the issue for decision here was ever presented for specific determination in any of those cases; and that, in addition, none of the five cases incorporated, within their trial procedures, a separate hearing on matters pertaining to relief, as was part of the plan for the trial of this cause. Whatever be the explanatory background of the cited cases, I shall not pause to consider them seriatim. For my purposes, at this time, I shall leave undecided any ideas of what evidence may go to remedy and will restrict my inquiries to testing the merits of the things which are concerned with the substantive offense as charged in the complaint and as it affects the Government's case in chief. Specifically, I have no present interest in the discontinuance of unlawful practices or what changes may have occurred in the industrial status which was brought to scrutiny by the complaint. In the trial of an antitrust case courts do not pause to weigh the element of mootness created by a change of circumstances. Changes in circumstances in this particular type of litigation, or by way of example in reorganization proceedings, are considered primarily in terms affecting the remedy. The broad design in the case at bar is whether proof shows defendant at the origin of this litigation was in violation of § 2 of the Act; and if it was, what proper remedial measures should equity apply under § 4. Proof as to these two items is clearly divisible. Certainly, with the intention in mind to simplify and expedite a difficult trial, I entered the pre-trial order of October 11, 1949, whereby ample opportunity is to be given defendant to adduce any post litem motam evidence it may marshal on the separate hearing of matters pertaining to relief, should that question arise as a result of a decision favorable to plaintiff on the issue posed by § 2.

4. For the present moment, passing a suggestion I have noted as to whether the post litem motam evidence might form the basic structure of an affirmative defense, I shall determine, at this stage of the trial, that argument and discussion, as well as proof, of matters which have a direct relation to the remedy should not be permitted to pervade the trial in connection with the introduction of the Government's case in chief. When the Government has rested on what it will urge is the establishment of a prima facie case, I shall then make a definitive ruling on whether voluntary discontinuance of the alleged unlawful practices or diminution of the unlawful status may be considered as a part of an affirmative defense. At present, for whatever purpose the information may suggest, I think changes in the industry of the nature noted, may influence the texture and form of any decree if violation has been found; such elements, however, should not be permitted to prejudice the Government's right to a decree if violation has been established.

