## UNITED STATES v. E. I. DU PONT DE NEMOURS & CO.

### Civ. A. No. 1216.

United States District Court
D. Delaware.
April 3, 1951.

6. See n. 1, supra.

William Marvel, U. S. Atty., of Wilmington, Del., James L. Minicus, Julius C. Renninger, Joseph F. Tubridy, Philip L. Roache, Jr., William J. McAuliffe, Jr. and Forrest A. Ford, Washington, D. C., for the United States of America.

Hugh M. Morris and Alexander L. Nichols (of Morris, Steel, Nichols and Arsht), Wilmington, Del., Gerhard A. Gesell, James H. McGlothlin, David C. Acheson, Harvey Levin and George J. Kuehnl (of Covington and Burling), of Washington, D. C., and Francis J. Zugehoer, of Philadelphia, Pa., for defendant.

LEAHY, Chief Judge.

#### 4th Trial Memorandum

In the course of the trial, both parties have argued, as to certain exhibits, the relevancy and materiality of comments by defense counsel to statements appearing in certain of the Government's documentary proofs relating to substitute products which are in competition with cellophane and caps and bands. It was agreed that at some stage of the trial the ultimate question would need be posed and decided. The Government has now presented the question for determination.

1. Whether references to flexible packaging materials and other materials outside the packaging industry, which may or may not be substitutional for cellophane are 1. relevant and material to the issues of the case at bar within § 2 of the Act, 15 U.S. C.A. § 2; or, 2. in the alternative, whether, under the precise allegations of the complaint, the Government must assume and meet a burden of proof that, as a question of fact, an indeterminable number of flexible packaging materials in the field of uses for cellophane and caps and bands, are not in competition with defendant's cellophane products within § 2 of the Act—or, 3. whether the burden of affirming that such flexible packaging materials are, in fact, competitive with defendant's cellophane, is a matter of affirmative defense which Du Pont must assume.

2. Du Pont argues there is only one basic question to determine at this time: Is all evidence as to the existence and effect of competition between cellophane and other flexible packaging materials inadmissible on the ground it is *wholly irrelevant and immaterial as a matter of law* to issues of marketing, market controls, or intent, as tendered by the complaint, in the charge of violation of § 2? If I should determine, argues defendant, the admissibility of such evidence, then defendant should be permitted to comment upon such evidence whenever plaintiff introduces any documentary proof bearing upon that issue. In this connection, defendant claims that it should be permitted in support of any motion it might make at the close of the Government's case, to comment upon any portion of the documentary proofs which shows the existence and effect of such competition as it relates to substitute flexible packaging materials.

3. The Government has cited a number of cases interpreting the Act as foreclosing

any consideration of the application of the doctrine of substituted materials. The time exigencies do not permit either a discussion or an analytical exposition of the precise decisions in those cases. I conclude those cases do not give total support to the proposition urged by the Government, viz., that all references to substitute flexible packaging materials are irrelevant and immaterial as outside the legal scope of the meaning of the words "any part" of commerce as used in § 2 of the Act. True, there are suggestions in the decisions, interpreting the congressional mandate, as to the legal strictures which must be applied in isolating what "any part" of commerce may be the subject matter of violation under the statute. But as stated, I shall not review the Court decisions, although I have read and given them consideration. For the most part, they contain statements written by appellate courts who obviously had in the records before them much testimony and documentary proof relating to substitute materials in the various industries under investigation, which shows this type of evidence had been adduced before the nisi prius judge. As to the case at bar, I do not reject or accept a defense which will attempt to show the extent of monopolization by the utilization of evidence demonstrating competition by the manufacture and sale of similar materials which are bought and used by the purchasing public for similar purposes. Obviously, the precise question for determination, then, is what the order of proof should be. I agree with the Government's contention that the particular proofs which are the subject matter of this memorandum are not a part of the Government's case in chief.

4. Accordingly, it is my holding on this particular question of evidence that, since the complaint presents a market expressly limited to cellophane and caps and bands and, moreover, as defendant Du Pont is the proponent of the assertion that this market has been enlarged to include other substituted materials, in the flexible packaging industries, the burden of proof involved in any extension of the scope of the markets and identification of the products manufactured and sold to the public, should be considered, if admissible, a matter of affirmative defense. Hence, defendant should not be permitted to comment upon any such evidence whenever facts related thereto may be contained in any document which has been introduced by the Government; nor may defendant, in support of any motion made by it at the close of plaintiff's case, comment upon any portion of the record that shows the existence and effect of competition created by the use of substituted materials.

Note by this memorandum that I am not deciding such evidence will be excluded from the case entirely. It is simply excluded at this time. While the admissibility of such evidence has been suggested, any question concerning the quality of such evidence or its effect in supporting a valid defense to the action is reserved.

The 2nd Trial Memorandum, D.C.1951, 11 F.R.D. 132, and the 3rd Trial Memorandum, D.C.1951, 11 F.R.D. 308, are modified to the extent made necessary by the decision here.