**BEATTIE**

v.

**MONONGAHELA R. CO.**

Civ. A. No. 9571.

United States District Court
W. D. Pennsylvania.

July 28, 1954.

804

Albert D. Brandon, Oliver, Brandon & Shearer, Pittsburgh, Pa., for plaintiff.

Robert D. Dalzell, Dalzell, Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This proceeding involves a claim for damages pursuant to a death action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

Upon jury trial, a verdict was returned in favor of plaintiff administratrix in the amount of $38,550.

In answer to specific interrogatories the jury found the total amount of damages to be $77,100 but attributed the negligence which was the proximate cause of the accident equally to plaintiff and defendant.

The matters before the Court for determination are twofold:

(1) Motion to set aside the verdict or for judgment notwithstanding the verdict.

(2) Motion for new trial.

Motion to Set Aside the Verdict or for Judgment Notwithstanding the Verdict

Plaintiff's case was premised upon the theory that while decedent was assisting in a switching operation, and while he was so engaged, he was caught by a car, and crushed between said car and an adjacent building. That the engineer of the approaching train failed to perform his duty in either blowing a whistle or sounding a bell. That defendant maintained a close area of clearance which presented a constant peril to the safety of employees, and that defendant failed to take any remedial action in spite of previous complaints from employee groups.

Defendant contends that there is no evidence in the record from which an inference of negligence on the part of the railroad can be drawn, or that if such negligence does exist, there is no basis to show that it was the proximate cause of the accident in whole or in part.

A motion for a directed verdict or judgment notwithstanding the verdict under the Federal Rules raises a question of law only; that is whether there is any evidence which, if believed, would authorize a verdict against the defendant and the trial court in considering such motion does not exercise any discretion but makes only a ruling of law. Marsh v. Illinois Central R. Co., 5 Cir., 175 F.2d 498; Grayson v. Deal, D.C., 85 F.Supp. 431.

In passing upon a motion to set aside a verdict for plaintiff and to enter judgment for the defendant, evidence including all reasonable inferences to be drawn therefrom must be taken in the light most favorable to the plaintiff and all conflicts must be resolved in his favor.

Waggaman v. General Finance Co. of Philadelphia, Pa., Inc., 3 Cir., 116 F.2d 254; Schad v. Twentieth Century-Fox Film Corp., 3 Cir., 136 F.2d 991; Lukon v. Pennsylvania R. Co., 3 Cir., 131 F.2d 327; Meyonberg v. Pennsylvania R. Co., 3 Cir., 165 F.2d 50; Kraus v. Reading Co., 3 Cir., 167 F.2d 313; O'Brien v. Public Service Taxi Co., 3 Cir., 178 F.2d 211.

■ The court cannot concern itself with the credibility of the witnesses or the weight of the evidence. Roth v. Swanson, 8 Cir., 145 F.2d 262.

■ The court is not free to reweigh the evidence and set aside the jury's verdict merely because the jury could have drawn different inferences or conclusions, or because the court regards another result as more reasonable. Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Masterson v. Pennsylvania R. Co., 3 Cir., 182 F.2d 793.

■ Where uncertainty as to the existence of negligence arises from a conflict in the testimony, or because the facts being undisputed, fair-minded man will honestly draw different conclusions from them, the question is not one of law but of fact to be settled by the jury. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720.

The choice of conflicting versions of the way the accident happened, the decision as to which witness is telling the truth and the inferences to be drawn from the uncontroverted facts and the controverted facts are questions for the jury. If there is a reasonable basis in the record for concluding that it was negligence of the employer which caused the injury, it would be an invasion of the jury's function for the court to draw contrary inferences or to conclude that a different conclusion would be more reasonable. Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572; Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916.

■ There was ample evidence to require submission to the jury the question of whether or not the negligence of the engineer in failing to give a proper signal in order to warn decedent of the approach of the car which crushed him against the building, and the failure of defendant to eliminate a close clearance area combined to make the place where plaintiff was working unsafe, and in whole or in part caused plaintiff's injury.

It is not unreasonable to conclude that the conditions under which the decedent was required to do his work and the manner in which his fellow employees performed the responsibilities of their assignment constituted an unsafe and dangerous working place and that such conditions were a proximate cause of the accident in whole or in part.

I am satisfied that the record evinces sufficient credible evidence to support the findings of the jury.

The motion for arrest of judgment or for judgment notwithstanding the verdict must be refused.

### Motion for New Trial

In addition to the general allegations that the verdict was against the evidence, the weight of the evidence and the law, it is contended:

(1) That the court erred in permitting plaintiff's witness, Smith, to testify that decedent was going up to the switch at the north end of the siding at the time he saw him prior to the accident.

(2) That the court had abused its discretion in failing to submit certain interrogatories requested by the defendant.

(3) That the verdict was excessive.

■ A prior witness testified without objection that it was the duty of the plaintiff's decedent as the member of the train crew closest to the switch to throw the switch. In connection therewith, the witness, Smith, testified he saw the plaintiff's decedent proceeding in the direction of the switch and the purpose of proceeding in that direction was to throw the switch.

I do not consider testimony relative to a frequent practice or routine as constituting opinion testimony. It was the

jury's prerogative to weigh the testimony and determine from the credible evidence whether decedent did or did not approach the switch, or in other words, whether or not the evidence supported the conclusion that the routine and usual practice was followed on the day the accident occurred.

 The jury found in answer to specific interrogatory that the total amount of damage suffered by the plaintiff administratrix which was the proximate result of the accident, without any consideration being given to the negligence of the defendant or the contributory negligence on the part of the decedent employee, was $77,100.

At the time of his death, decedent had a life expectancy, according to the United States Mortality Tables of 24.27 years. In the year prior to his death he earned $4,600 as a conductor. Since the date of his death the daily rate of pay for conductors has increased by $1.40. The jury could well believe that such increases might continue in the future.

In addition, decedent was a man of frugal habits, limiting expenditures for his own use to a bare minimum. A jury could reasonably infer that actual monthly monetary loss to his widow was approximately $300.

In view of the advanced age of decedent's parents, it is most conceivable that the jury considered the decedent's life expectancy and his potential remunerative productivity, in considerable excess of the mean average demonstrated by the United States Mortality Tables.

The court should not set aside a verdict on the ground that it is excessive unless it is so high as to shock the conscience. In the absence of any showing that the jury was biased or acted capriciously or unreasonably, the court will not interfere with the verdict. Foresman v. Pepin, D.C., 71 F.Supp. 772, affirmed, 3 Cir., 161 F.2d 872.

I am satisfied that the award was commensurate with the amount of damages evinced in the record.

 Defendant contends that the court abused its discretion relative to the interrogatories submitted to the jury. It has long been held that the rule authorizing the submission to the jury of written interrogatories is permissive and not mandatory and whether such interrogatories will be submitted is within the sound discretion of the Court. Mourikas v. Vardianos, 4 Cir., 169 F.2d 53; Moyer v. Aetna Life Insurance Co., D.C., 39 F.Supp. 725, affirmed, 3 Cir., 126 F.2d 141.

 Certainly no abuse of discretion exists in the Court's refusal to compel the jury to set forth in detail its theory of how this accident occurred.

 It is my considered judgment that the verdict rendered was not against the evidence, weight of the evidence or the law, and I must assume that the jury followed the instructions of the court. Boice v. Bradley, D.C., 92 F.Supp. 751.

Accordingly, the motion to set aside the verdict for the plaintiff and to enter judgment for the defendant, and the motion for a new trial are denied.

An appropriate order is entered.